**IN THE UNITED STATES DISTRICT COURT FOR THE** RECEIVED
**MIDDLE DISTRICT OF ALABAMA** 2015 FEB 23  P 12: 43
**SOUTHERN DIVISION**

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| **BRIAN LOMANACK**, an individual; | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION NO.: |
| | ) | 1:15-cv-122 |
| v | ) | |
| | ) | |
| | ) | **JURY TRIAL** |
| **GREGORY BOUTWELL**, in his official capacity as | ) | **REQUESTED** |
| Fire Chief for the City of Ozark, Alabama and in his | ) | |
| individual capacity; **JESSICA CAUTHEN**, in her | ) | |
| official capacity as emergency dispatcher for | ) | |
| Ozark-Dale Country E-911 Board, Inc., and in her | ) | |
| individual capacity; **CITY OF OZARK, ALABAMA,** | ) | |
| a municipality; **OZARK-DALE COUNTY E-911** | ) | |
| **BOARD, INC.,** a domestic corporation; | ) | |

**No. 1**, whether singular or plural, that individual or entity which undertook to provide emergency medical services to the plaintiff on the occasion made the basis of this matter; **No. 2**, whether singular or plural, that individual or entity who undertook to arrange for the emergency transport of Plaintiff on the occasion made the basis of this matter; **No. 3**, whether singular or plural, that individual or entity who undertook to provide medical services to Plaintiff on the occasion made the basis of this matter; **No. 4**, whether singular or plural, that entity or those entities, who undertook to provide any health care or related service to Plaintiff on the occasion made the basis of this matter;  **No. 5**, whether singular or plural, that entity or those entities, who or which was the employer of any entity who undertook to provide emergency medical services to the Plaintiff at the time of the occurrence made the basis of this matter; **No. 6**, whether singular or plural, that entity or those entities, who or which was the employer of any entity who undertook to arrange for the emergency transport of Plaintiff at the time of the occurrence made the basis of this matter;  **No. 7**, whether singular or plural, that entity or those entities, who or which were responsible for the hiring, supervision and training of any individual or employees of the entities who undertook to provide emergency medical services to or facilitate the emergency transport of the Plaintiff at the time of the occurrence made the basis of this matter; **No. 8,** that entity or those entities, who or which were responsible for the recruitment,

placement, hiring or furnishing of any of those individuals who participated in the emergency transport or decisions regarding the emergency transport of Plaintiff on the occasion made basis of this matter; **No. 9**, whether singular or plural, that person, who, as an owner, stockholder, partner, associate, employee, or agent of any of the named or fictitious party defendants listed; **No. 10**, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, for any of the named or fictitious party defendants listed; **No. 11**, whether singular or plural, that person or those persons, that entity or those entities, other than those described above, whose torturous, outrageous, intentional, reckless, negligent, wanton, breach of contract, or other wrongful conduct of which contributed to cause the injuries to the Plaintiff made the basis of this matter. **No. 12**, whether singular or plural, that person or those persons, that entity or those entities, other than those described above, who wrongfully, arbitrarily, and/or with deliberate indifference deprived Plaintiff of his constitutional rights. **No. 13**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 14**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above.  Plaintiff avers that the identities of the fictitious parties defendant is otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time their identities as proper parties defendant is not known to plaintiff at this time, but their true names will be substituted by amendment when ascertained.              )

)

Defendants.              )

## **COMPLAINT**

## **PARTIES**

1.    Plaintiff, Brian Lomanack, an individual, is an adult resident of Ozark, Dale County, Alabama.

2.    Defendant, Gregory Boutwell, (collectively, in his official and individual capacity, hereinafter "Boutwell") is an adult resident of Newville, Henry County, Alabama. At all times relevant hereto, Defendant Boutwell was the Fire

Chief for the City of Ozark, Alabama. Defendant Boutwell is sued in both his official and individual capacities.

3.     Defendant, Jessica Cauthen, (collectively, in her official and individual capacity, hereinafter "Cauthen") is an adult resident of Ozark, Dale County, Alabama. At all times relevant hereto, Defendant Cauthen was an emergency dispatcher for Ozark-Dale County E-911 Board, Inc. Defendant Cauthen is sued in both her official and individual capacities.

4.     Defendant, City of Ozark, is a municipal entity created and existing pursuant to Alabama law.

5.     Defendant, Ozark-Dale County E-911 Board, Inc., is a domestic corporation created and existing pursuant to Alabama law. Its principal place of business is located in Ozark, Dale County, Alabama. At all times relevant hereto, Defendant served as the central E-911 dispatch unit for multiple law enforcement agencies, fire departments, and emergency medical service agencies in Dale County, Alabama.

## JURISDICTION & VENUE

6.     As described below, Plaintiff brings claims against Defendants Boutwell and Cauthen, both individually and in their official capacities, pursuant to 42 U.S.C. § 1983 for said Defendants' deprivation of Plaintiff's substantive due process rights afforded to Plaintiff by the Fourteenth Amendment to the

3

Constitution of the United States of America. As such, jurisdiction for Plaintiff's §

1983 claims against Boutwell and Cauthen is founded under the provisions of 28

U.S.C § 1331.

7.     Plaintiff prays that this Court exercise its power of supplemental

jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's remaining claims, as

said claims are so related to the claims asserted under 42 U.S.C. § 1983 that they

form part of the same case or controversy in which original jurisdiction exists in

this Court.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(2), as

the acts and omissions made the basis of Plaintiff's complaint occurred in Dale

County, Alabama.

## FACTS COMMON TO ALL COUNTS

### Plaintiff's Underlying ATV Accident

9.     On April 3, 2013, Plaintiff Brian Lomanack was involved in an

accident while operating an all-terrain vehicle. Plaintiff's ATV accident

(hereinafter "the accident") occurred near the intersection of County Road 59 and

County Road 61 in rural Dale County, Alabama, near the community of Echo,

Alabama.

10.   The accident scene was within the geographic jurisdiction of Echo Volunteer Fire & Rescue (hereinafter "Echo EMS") and was outside the jurisdiction of the Ozark City Fire Department.

11.   Immediately following his ATV accident, Plaintiff was unconscious, unresponsive, bleeding from his ears, displayed difficulty breathing, and had a large bulge and/or deformity in his skull and neck area.

## Composition of E-911 Communication System

12.   The central emergency response system used by Defendant Ozark-Dale County E-911 Board, Inc. (hereinafter "E-911") consists of separate channels for each agency E-911 serves and a "general" channel, in which an E-911 dispatcher can report to all agencies simultaneously.

13.   Information reported to E-911 from a specific agency is reported across that agency's separate channel, and only E-911 and members of that same agency can hear the communication. E-911 can limit its simultaneous communication to all members of a specific agency by only speaking on that agency's separate channel.

14.   Should E-911 wish for all agencies to be apprised of information reported from a specific agency, E-911 can relay that information by communicating to all agencies simultaneously across the "general" channel. Thus,

the "general" channel only consists of outgoing information from E-911 to all agencies and does not allow all agencies to hear information reported to E-911.

## Immediate Post-Accident E-911 Communication

15.    Shortly after Plaintiff's accident, Plaintiff's condition and need for emergent medical care was reported to E-911. At this time, Plaintiff is unaware of the source of the initial report to E-911 and, therefore, unaware of the respective channel that such information was reported to E-911.

16.    That initial report was fielded by E-911 dispatcher Jessica Cauthen, who was informed of Plaintiff's critical condition.

17.    Defendant Cauthen relayed the accident information to Echo EMS, as the accident occurred within their geographic jurisdiction.

18.    Shortly thereafter, a member of Echo EMS arrived on the scene and reported to Defendant Cauthen that Plaintiff was "critical" and "barely breathing." Since this incoming information came from a member of Echo EMS, Defendant Cauthen received that information on the Echo EMS channel, which only allowed other Echo EMS members to hear the communication.

19.    Defendant Cauthen acknowledged receipt of such information and relayed the same to all agencies across the general channel.

20.    Meanwhile, Rocky Windham, Chief of Echo EMS was en route to the accident scene. As Mr. Windham was a member of Echo EMS, he was able to

6

communicate with both Defendant Cauthen and the Echo EMS member on the scene via Echo EMS's separate channel.

21.    As Chief of Echo EMS, Windham carried jurisdictional authority over the accident scene, including the authority to determine the appropriate means and time of patient transport.

22.    Based on the reports of Plaintiff's condition from the Echo EMS member at the scene, Mr. Windham ordered Defendant Cauthen to dispatch Flat Iron air evacuation services (hereinafter "Flat Iron") to send an emergency medical helicopter to the accident scene and transport Plaintiff therefrom.

23.    Defendant Cauthen reported Echo EMS's order for Flat Iron to all agencies across the general channel and dispatched Flat Iron to the accident scene.

## Boutwell's Communication with E-911

24.    At all times relevant hereto, Defendant Gregory Boutwell was under the influence of alcohol and/or other intoxicating substances/medications.

25.    Defendant Gregory Boutwell, Fire Chief for the City of Ozark, Alabama, heard Defendant Cauthen report the request/order for Flat Iron across the general channel. When this report came across the general channel, Defendant Boutwell was not at the accident scene (nor did he ever make it to the accident scene).

7

26.     Defendant Boutwell then instructed Defendant Cauthen to cancel the order for Flat Iron and for her to place everyone on "standby" until he could arrive on the accident scene. Defendant Boutwell then asked for the location of the accident scene, in which Defendant Cauthen advised the accident was in Echo— outside of Ozark Fire Department and Boutwell's jurisdiction . Defendant Cauthen affirmed that she would respect Defendant Boutwell's orders and subsequently cancelled the dispatch of Flat Iron.

27.     This conversation between Boutwell and Cauthen occurred on the Ozark Fire Department's separate channel and was not relayed over the general channel. Thus, Echo EMS responders at the accident scene were not apprised that Flat Iron was cancelled.

28.     Defendant Boutwell subsequently requested, via the Ozark Fire channel, that Defendant Cauthen provide him with "a report from any unit that arrives on scene." Defendant Cauthen advised Boutwell that she would obtain such a report and to standby while she did so. Defendant Cauthen did not, however, re-share the status that was previously reported to her from Echo EMS responders on the scene.

29.     Immediately thereafter, Echo EMS Chief Rocky Windham, who had since arrived at the accident scene, requested the status of Flat Iron. Defendant Cauthen ignored the status request. Instead, Defendant Cauthen sought an update

8

from a deputy sheriff who she believed was en route to the accident scene. That report was made on the sherriff's specific channel, preventing Windham from learning of the request.

30.     Defendant Cauthen was again advised, by an unknown individual at the scene, that "Patient is critical, patient is critical."

31.     Defendant Cauthen relayed that "patient is critical" to Defendant Boutwell, via the Ozark Fire channel. Defendant Cauthen also repeated to Boutwell the initial status of the Plaintiff—that Plaintiff is unconscious, unresponsive, bleeding from his ears, and has a bulge and/or deformity in his skull and neck area. After hearing of Plaintiff's critical condition for the second time, Boutwell again instructs Cauthen not to dispatch Flat Iron until he arrives on scene.

32.     Following Boutwell's second instructions to Cauthen to withhold Flat Iron dispatch, Windham and Adam Brown, a deputy that had arrived on the scene, both ask Defendant Cauthen for another status update on Flat Iron.

33.     Finally, after multiple status requests, Defendant Cauthen informed Windham and others at the accident scene that she had cancelled Flat Iron at the instruction of Defendant Boutwell. This is the first time Windham and the other first responders at the accident scene were informed that Flat Iron was, in fact, not en route.

34.   At this time, Defendant Cauthen reports to all agencies over the general channel that Defendant Boutwell has advised her to place all units on standby until he arrived at the accident scene.

35.   Rocky Windham, once again, advises Defendant Cauthen that he is at the accident scene, has observed Plaintiff's critical condition, and to dispatch Flat Iron. At this time, Defendant Cauthen reports to Defendant Boutwell, via the Ozark Fire channel, that she is calling his cell phone and that he should pick-up. Cauthen and Boutwell proceed to have an off-the-record phone conversation.

36.   After Cauthen and Boutwell's off-the-record phone conversation, Boutwell advises Cauthen over the Ozark Fire channel to dispatch Flat Iron to the accident scene. Defendant Cauthen then dispatches Flat Iron to the accident scene.

37.   By the time Flat Iron was prepared to lift off, an ambulance had arrived on scene. After being advised that Flat Iron had not yet lifted off, on-site responders decided to transport Plaintiff to Flowers Hospital via ambulance to eliminate any *further* delay. Plaintiff was then loaded into an ambulance and provided an emergency escort by deputy sheriffs to Flowers Hospital.

38.   Upon his delayed arrival to Flowers Hospital, Plaintiff was immediately diagnosed with a subarachnoid hemorrhage and subdural hematoma and was ordered to undergo life-saving procedures including, but not limited to, an emergency craniotomy.

10

39.     As a direct result of the substantial, unnecessary delay in Plaintiff's emergency transport, Plaintiff has sustained substantial, permanent cognitive, physical, and economic injuries described below.

## COUNT I

### Constitutional Claims Against Boutwell Pursuant to 42 U.S.C. § 1983

40.     Plaintiff re-adopts and re-alleges all previous paragraphs as if fully set out herein.

41.     At all times relevant hereto, Defendant Boutwell, in both his individual capacity and official capacity as Fire Chief for the City of Ozark, Alabama, was acting under the color of Alabama law.

42.     At said time and place, Defendant Boutwell was under the influence of alcohol and/or other intoxicating substances/medications. While under such influence, Defendant intentionally cancelled and/or otherwise delayed and/or withheld, without justification, the emergent air evacuation of Plaintiff.

43.     At said time and place, Defendant Boutwell had no jurisdictional authority to manage or attempt to manage the accident scene and/or decisions regarding Plaintiff's emergent medical transport.

44.     Defendant Boutwell's conduct was arbitrary in nature and/or made with deliberate indifference to Plaintiff's substantive due process rights provided to him by the Fourteenth Amendment to the Constitution of the United States of America.

11

45.    As a proximate cause of Defendant Boutwell's deprivation of Plaintiff's constitutional rights, Plaintiff suffered the following damages:

a. Plaintiff has suffered permanent physical and mental injury and disability.

b. Plaintiff has incurred, and will continue to incur, medical expenses for treatment and medication necessitated by Defendants' conduct;

c. Plaintiff has endured, and will continue to endure in the future, pain, suffering, and mental anguish as a result of Defendants' conduct;

d. Plaintiff has incurred lost wages and the loss of earning capacity.

e. Plaintiff has incurred, and will continue to incur in the future, miscellaneous expenses and economic damages.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, including fictitious party defendants, in a sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above-described damages and injuries, together with interest from the date of the incident and the cost of the proceeding. Further, Plaintiff requests the jury selected to hear this case render a verdict for the Plaintiff and against these defendants and that they award punitive damages to Plaintiff in an amount adequate to reflect the enormity of defendants' wrongful acts and would prevent other similar wrongful acts in the future. Plaintiff further prays that this Court assess to Plaintiff a reasonable amount

of Plaintiff's attorney and expert fees and costs against defendants, pursuant to 42 U.S.C § 1988.

## COUNT II

### Constitutional Claims Against Cauthen Pursuant to 42 U.S.C. § 1983

46.     Plaintiff re-adopts and re-alleges all previous paragraphs as if fully set out herein.

47.     At all times relevant hereto, Defendant Jessica Cauthen, in both her individual capacity and official capacity as an emergency dispatcher for the Ozark-Dale County E-911 Board, Inc., was acting under the color of Alabama law.

48.     At said time and place, Defendant Cauthen intentionally cancelled and/or otherwise delayed and/or withheld, without justification, the emergent air evacuation of Plaintiff.

49.     At said time and place, Defendant Cauthen knew that Defendant Boutwell had no jurisdictional authority to manage or attempt to manage the accident scene and/or decisions regarding Plaintiff's emergent medical transport. Despite that knowledge, Defendant Cauthen cancelled and/or otherwise delayed and/or withheld, without justification, the emergent air evacuation of Plaintiff.

50.     Defendant Cauthen's conduct was arbitrary in nature and/or made with deliberate indifference to Plaintiff's substantive due process rights provided to him by the Fourteenth Amendment to the Constitution of the United States of America.

13

51.     As a proximate cause of Defendant Cauthen's deprivation of Plaintiff's constitutional rights, Plaintiff suffered the following damages:

a. Plaintiff has suffered permanent physical and mental injury and disability.

b. Plaintiff has incurred, and will continue to incur, medical expenses for treatment and medication necessitated by Defendants' conduct;

c. Plaintiff has endured, and will continue to endure in the future, pain, suffering, and mental anguish as a result of Defendants' conduct;

d. Plaintiff has incurred lost wages and the loss of earning capacity.

e. Plaintiff has incurred, and will continue to incur in the future, miscellaneous expenses and economic damages.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, including fictitious party defendants in a sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above-described damages and injuries, together with interest from the date of the incident and the cost of the proceeding. Further, Plaintiff requests the jury selected to hear this case render a verdict for the Plaintiff and against these defendants and that they award punitive damages to Plaintiff in an amount adequate to reflect the enormity of defendants' wrongful acts and would prevent other similar wrongful acts in the future. Plaintiff further prays that this Court assess to Plaintiff a reasonable amount

14

of Plaintiff's attorney and expert fees and costs against defendants, pursuant to 42 U.S.C § 1988.

## COUNT III

### Negligence/Wantonness Claims Against Boutwell Pursuant to Alabama Law

52.     Plaintiff re-adopts and re-alleges all previous paragraphs as if fully set out herein.

53.     Plaintiff specifically brings this count against Defendant Boutwell in both his individual and official capacity as the Fire Chief for the City of Ozark, Alabama.

54.     At said time and place, Defendant Boutwell owed a duty to Plaintiff and negligently and/or wantonly breached said duty to Plaintiff.

55.     As a proximate consequence of Defendant's negligent and/or wanton conduct, Plaintiff suffered the following damages:

      a.  Plaintiff has suffered permanent physical and mental injury and disability.

      b.  Plaintiff has incurred, and will continue to incur, medical expenses for treatment and medication necessitated by Defendants' conduct;

c. Plaintiff has endured, and will continue to endure in the future, pain, suffering, and mental anguish as a result of Defendants' conduct;

d. Plaintiff has incurred lost wages and the loss of earning capacity.

e. Plaintiff has incurred, and will continue to incur in the future, miscellaneous expenses and economic damages.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, including fictitious party defendants in a sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above-described damages and injuries, together with interest from the date of the incident and the cost of the proceeding. Further, Plaintiff requests the jury selected to hear this case render a verdict for the Plaintiff and against these defendants and that they award punitive damages to Plaintiff in an amount adequate to reflect the enormity of defendants' wrongful acts and would prevent other similar wrongful acts in the future.

## COUNT IV

### Negligence/Wantonness Claims Against Cauthen Pursuant to Alabama Law

56.    Plaintiff re-adopts and re-alleges all previous paragraphs as if fully set out herein.

57.    Plaintiff specifically brings this count against Defendant Cauthen in both her individual and official capacity as emergency dispatcher for Ozark-Dale County E-911 Board, Inc.

58.    At said time and place, Defendant Cauthen owed a duty to Plaintiff and negligently and/or wantonly breached said duty to Plaintiff.

59.    As a proximate consequence of Defendant's negligent and/or wanton conduct, Plaintiff suffered the following damages:

    a.  Plaintiff has suffered permanent physical and mental injury and disability.

    b.  Plaintiff has incurred, and will continue to incur, medical expenses for treatment and medication necessitated by Defendants' conduct;

    c.  Plaintiff has endured, and will continue to endure in the future, pain, suffering, and mental anguish as a result of Defendants' conduct;

    d.  Plaintiff has incurred lost wages and the loss of earning capacity.

    e.  Plaintiff has incurred, and will continue to incur in the future, miscellaneous expenses and economic damages.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, including fictitious party defendants in a sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above-described damages and injuries, together with interest from the date of the incident and the cost of the proceeding. Further, Plaintiff requests the jury selected to hear this case render a verdict for the Plaintiff and against these defendants and that they award punitive damages to Plaintiff in an amount adequate to reflect the enormity of defendants' wrongful acts and would prevent other similar wrongful acts in the future.

## COUNT V

### Negligence/Wantonness Claims Against City of Ozark, Alabama

60.     Plaintiff re-adopts and re-alleges all previous paragraphs as if fully set out herein.

61.     At said time and place, Defendant Gregory Boutwell was an employee of the City of Ozark, Alabama, and was acting in the line and scope of said employment. As such, Defendant City of Ozark, Alabama, is liable to Plaintiff for the negligent and/or wanton conduct of its employee, Defendant Gregory Boutwell, under the doctrine of *respondeat superior*.

62.     Furthermore, Defendant City of Ozark, Alabama, had a duty to supervise and train Defendant Boutwell and to ensure that Defendant Boutwell

performed his employment duties in accordance with all applicable laws, standards, regulations, and rules of any type, and Defendant City of Ozark, Alabama, negligently and/or wantonly failed to discharge said duty.

63.     Defendant City of Ozark, Alabama, had a duty to evaluate and determine the physical, medical, and psychological qualifications and conditions of its employees, including Defendant Boutwell, and Defendant City of Ozark, Alabama, negligently and/or wantonly failed to discharge said duty.

64.     The negligence and/or wantonness of Defendants described herein combined and concurred with the conduct of any and all other parties, including fictitious party defendants, to cause Plaintiff to sustain the following injuries:

a.  Plaintiff has suffered permanent physical and mental injury and disability.

b.  Plaintiff has incurred, and will continue to incur, medical expenses for treatment and medication necessitated by Defendants' conduct;

c.  Plaintiff has endured, and will continue to endure in the future, pain, suffering, and mental anguish as a result of Defendants' conduct;

d.  Plaintiff has incurred lost wages and the loss of earning capacity.

  e. Plaintiff has incurred, and will continue to incur in the future,

   miscellaneous expenses and economic damages.

  WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, including fictitious party defendants in a sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above-described damages and injuries, together with interest from the date of the incident and the cost of the proceeding. Further, Plaintiff requests the jury selected to hear this case render a verdict for the Plaintiff and against these defendants and that they award punitive damages to Plaintiff in an amount adequate to reflect the enormity of defendants' wrongful acts and would prevent other similar wrongful acts in the future.

## COUNT VI

## Negligence/Wantonness Claims Against Ozark-Dale County E-911 Board, Inc.

  65. Plaintiff re-adopts and re-alleges all previous paragraphs as if fully set out herein.

  66. At said time and place, Defendant Jessica Cauthen was an employee of Defendant Ozark-Dale County E-911 Board, Inc., and was acting in the line and scope of said employment. As such, Defendant Ozark-Dale County E-911 Board, Inc., is liable to Plaintiff for the negligent and/or wanton conduct of its employee, Defendant Jessica Cauthen, under the doctrine of *respondeat superior*.

67.     Furthermore, Defendant Ozark-Dale County E-911 Board, Inc., had a duty to supervise and train Defendant Cauthen and to ensure that Defendant Cauthen performed her employment duties in accordance with all applicable laws, standards, regulations, and rules of any type, and Defendant Ozark-Dale County E-911, negligently and/or wantonly failed to discharge said duty.

68.     Defendant Ozark-Dale County E-911 Board, Inc., had a duty to evaluate and determine the physical, medical, and psychological qualifications and conditions of its employees, including Defendant Jessica Cauthen, and Defendant Ozark-Dale County E-911Board, Inc., negligently and/or wantonly failed to discharge said duty.

69.     The negligence and/or wantonness of defendants described herein combined and concurred with the conduct of any and all other parties, including fictitious party defendants, to cause Plaintiff to sustain the following injuries:

   a. Plaintiff has suffered permanent physical and mental injury and disability.

   b. Plaintiff has incurred, and will continue to incur, medical expenses for treatment and medication necessitated by Defendants' conduct;

   c. Plaintiff has endured, and will continue to endure in the future, pain, suffering, and mental anguish as a result of Defendants' conduct;

21

    d.  Plaintiff has incurred lost wages and the loss of earning capacity.

    e.  Plaintiff has incurred, and will continue to incur in the future, miscellaneous expenses and economic damages.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, including fictitious party defendants in a sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above-described damages and injuries, together with interest from the date of the incident and the cost of the proceeding. Further, Plaintiff requests the jury selected to hear this case render a verdict for the Plaintiff and against these defendants and that they award punitive damages to Plaintiff in an amount adequate to reflect the enormity of defendants' wrongful acts and would prevent other similar wrongful acts in the future.

**KEITH T. BELT, JR.**
ASB-6843-T79K
**ROBERT P. BRUNER**
ASB-7673-B50B
**S. DREW BARNETT**
ASB-9240-Y13H

**OF COUNSEL:**
**BELT & BRUNER, P.C.**
Lakeshore Park Plaza, Suite 114
2204 Lakeshore Drive
Birmingham, AL 35209
Phone:  (205) 933-1500
Fax:     (205) 933-5500

DrewB@Beltlawfirm.com
RobertB@Beltlawfirm.com
KeithB@Beltlawfirm.com

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**REQUEST FOR CERTIFIED MAIL SERVICE BY CLERK**

The plaintiff hereby requests that the clerk serve the Defendants by certified mail, return receipt requested  pursuant to Alabama Rules of Civil Procedure 4.1 and Federal Rules of Civil Procedure 4(c)(2)(C)(i).

_____
OF COUNSEL

**Defendants to be served at the following address:**

**Gregory Boutwell**
1508 County Road 7
Newville, AL 36353

**Jessica Cauthen**
3478 Skipperville Road
Ozark, AL 36360

**City of Ozark, Alabama**
275 N. Union Avenue
Ozark, AL 36360

**Ozark-Dale County E-911 Board, Inc.**
119 West Reynolds Street
Ozark, AL 36360